**CURTIS OIL, Respondent,**

v.

**CITY OF NORTH BRANCH, et al., Appellants.**

**No. C0-84-1013.**

Court of Appeals of Minnesota.

April 2, 1985.

Steven A. Sicheneder, North Branch, for respondent.

Barry L. Blomquist, North Branch, for appellants.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

The City of North Branch appeals a writ of mandamus requiring it to rezone a parcel of land and to issue a conditional use permit which would allow Curtis Oil to install a 1000-gallon propane tank on the property. The City of North Branch contends that a writ of mandamus may not be used to challenge its denial of Curtis Oil's application to rezone a parcel of land. We affirm.

## FACTS

Leo and Betty Valez operated a gas station and repair shop on two lots which they owned in the City of North Branch. The two lots along with two others form a 175′ by 200′ parcel which is zoned R–B, residential business district. The four lots are surrounded by an R–1, single family residential district.

On February 28, 1983, Curtis Oil purchased the two lots from the Valezes by contract for deed. Curtis Oil applied to North Branch to have the property rezoned from R–B to B–3, automobile related business district, so it could remodel the garage area into a convenience store. It also applied for a conditional use permit to place a 1000-gallon liquid propane storage tank on the property so it could sell propane fuel for motor vehicles and recreational vehicles. It appears from the sparse record that the placement of the propane tank is in conformance with the provisions of the L.P. Gas Code.

The North Branch Planning Commission considered the application on April 25, 1983. The fire chief reported on regulations regarding propane tanks. Area residents asked if the propane business would have any effect on their insurance rates. The commission stated its opposition to spot zoning. It denied the request for rezoning and recommended scheduling a public hearing to consider rezoning the entire R–B district to B–3. Curtis Oil's request for a conditional use permit was tabled.

At the next commission hearing, concern was expressed because Curtis Oil had already begun grocery sales and the State Fire Marshall and local fire chief recommended that the proposed location of the tank not be approved. The commission recommended that the rezoning be denied because Curtis Oil began operating the business before getting the proper permits and area residents were opposed to rezoning.

The North Branch City Council denied the rezoning and conditional use permit

applications. No reasons for the denials were included in the council minutes. On June 14, 1983, the city clerk informed Curtis Oil by letter that North Branch denied the applications. She said the council's decision was based, in part, on the fact that Curtis Oil's proposed change in the business would change the nature of the neighborhood.

On July 16, 1983, Curtis Oil put a 1000-gallon propane tank on the property and began using it. North Branch responded by bringing an injunction action against Curtis Oil. It moved to temporarily restrain Curtis Oil from using the propane tank, and from operating a convenience store. The trial court restrained Curtis Oil from filling the propane tank but denied the city's motion to restrain it from selling certain types of merchandise after the court concluded North Branch failed to show that Curtis Oil's use of the property was any different from the uses made before the North Branch Ordinance Code was adopted. The court noted the Valezes had sold a wide variety of merchandise, including "gasoline, kerosene, diesel fuel, oil, candy, pop, coffee, tea, hot chocolate, fishing bait, combs, razor blades, handkerchiefs, gloves, cigarette lighters, lighter fluid, camera supplies, flashlights and batteries, cigarettes, cigars, chewing tobacco, bag candy, nuts, potato chips, knickknacks, homegrown vegetables, such as sweet corn, squash, tomatoes, potatoes, cucumbers, watermelons, muskmelons, lawn mowers, mini-bikes, bicycles, and tillers."

On November 7, 1983, Curtis Oil brought this action seeking a writ of mandamus ordering North Branch to rezone the lots from R–B to B–3 and to issue a conditional use permit for the propane tank. The parties agreed the court could decide the case on the pleadings and on the documents filed in North Branch's suit for injunctive relief. No hearings were held. The trial court issued the requested writ on May 5, 1984 and included in its order the following note:

Following the hearing herein this Court issued its Temporary Restraining Order

and was thereafter under the impression that there would be further proceedings making the prayer of plaintiff in mandamus moot. Upon learning otherwise last month before leaving for vacation, this Court requested counsel for plaintiff to draft this order.

North Branch now appeals.

## ISSUE

Did the trial court err by granting a writ of mandamus requiring North Branch to rezone a parcel of land from R–B to B–3 and issue a conditional use permit allowing Curtis Oil to install a 1000-gallon propane tank on the property?

## ANALYSIS

North Branch contends that a writ of mandamus may not be used to challenge its denial of a request to rezone. Curtis Oil maintains that North Branch's failure to set forth reasons for both its decisions establishes conclusively that the decisions were arbitrary and, therefore, the trial court did not err in issuing the writ.

Under Section 10.00 of the North Branch Zoning Ordinance, multiple family dwellings, clubs and lounges, and permitted uses allowed in a R–3 district are permitted in a R–B, residential business district. Gas stations and grocery or convenience stores are not permitted uses. They are also not conditional uses—those which may be operated with a conditional use permit. Thus, the operation of a gas station on the lots in question constitutes a nonconforming use and is permitted under Section 22.00 of the zoning ordinance. This section makes no provision for the issuance of a conditional use permit. Therefore, the lots must be rezoned before Curtis Oil can obtain a conditional use permit for the propane tank. The threshold question then is whether the trial court erred by granting a writ of mandamus requiring North Branch to rezone the lots.

■ A municipality acts in a legislative capacity when rezoning. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 414 (Minn.1981). This is true regardless of the

size of the tract involved. " 'As a legislative act, a zoning or rezoning classification must be upheld unless opponents prove that the classification is unsupported by any rational basis related to promoting the public health, safety, morals, or general welfare.' " *Id.* at 414–415 (quoting *State, by Rochester Association of Neighborhoods v. City of Rochester,* 268 N.W.2d 885, 888 (Minn.1978)). This is a rational basis test and so long as there is a rational basis for what a city council does when rezoning, courts do not interfere. *Honn,* 313 N.W.2d at 415.

In this case, it is impossible to determine whether there was a rational basis for North Branch City Council's denial of the rezoning. No reasons for the denial were included in the council's minutes. The parties agreed that the trial court could decide the case on the pleadings and on the documents filed in North Branch's suit for injunctive relief. These documents do not contain the evidence necessary to determine whether there was a rational basis for the city council's action.

Section 26.03 of the zoning ordinance requires both the planning commission and the city council to make findings of fact.

In considering all requests for variances, appeals, amendments or conditional use permits, the Planning Commission acting as itself or acting as the Board of Adjustment and Appeals, and the City Council shall make a finding of fact. Its judgment shall be based upon but not limited to the following factors:

A. Relationship to the City's Comprehensive Plan.

B. The geographical area involved.

C. The character of the surrounding area.

D. The availability and design capacities of existing or proposed utilities.

E. Whether such a request will tend to or actually depreciate the surrounding area.

F. Whether the request will place an undue financial burden on the City.

G. Whether the request will impair an adequate supply of light and air to adjacent property.

H. Whether the request will unreasonably increase the congestion in the public right-of-way.

I. Whether the request will increase the danger of fire or endanger the public safety.

J. Whether the request is consistent with the spirit and intent of this Ordinance.

Section 26.03, North Branch Zoning Ordinances. Neither the planning commission nor the city council complied with this requirement. The trial court concluded that the city's failure to comply with its ordinance requirements, and its failure to provide any rational basis for its action, and its failure to move expeditiously in the injunction action, made its actions arbitrary. We agree.

In *Honn,* the Supreme Court directed city councils and zoning boards to *"at a minimum,* have the reasons for [their] decision recorded or reduced to writing and in more than just a conclusory fashion." *Honn,* 313 N.W.2d at 416 (emphasis added). It added, "[b]y failing to do so [the municipal body] runs the risk of not having its decision sustained." *Id.* North Branch did not provide the minimal reasons required by the Supreme Court. By doing so, it chose to run the risk of not having its decision sustained. Any findings made at this late date would merely be rationalization of the council's previous action. Sanctioning any such procedure would be unfair to respondent and "runs the risk inherent in any opportunity to rationalize or justify what one has done before." *Reserve Mining Co. v. Minnesota Pollution Control Agency,* 364 N.W.2d 411 (Minn.Ct.App. 1985) (citing *Honn,* 313 N.W.2d at 416).

North Branch's claim that a writ of mandamus may not be used to challenge its denial of a request to rezone is without basis. The Supreme Court in *Curry v. Young,* 285 Minn. 387, 394, 173 N.W.2d 410, 414 (1969), discussed the role of mandamus and concluded it should be available

to correct an arbitrary, capricious or unreasonable action by a city council.

This court has repeatedly held, as have other courts, that mandamus will not lie to control the exercise of discretion of municipal and other governmental bodies or boards, having the duty of making decisions involving judgment and discretion but that such remedy will lie in those cases, among others, where such boards or bodies have acted arbitrarily, capriciously, or unreasonably.

*Id.* (quoting *State ex rel. Gopher Sales Co. v. City of Austin,* 246 Minn. 514, 518, 75 N.W.2d 780, 783 (1956). *See also Honn,* 313 N.W.2d at 416 (stating that "the form of the action by which the procedure is initiated need [not] always be a declaratory action. Mandamus has its place * * *.") Since North Branch's denial of the rezoning application was arbitrary, the trial court did not err by granting a writ of mandamus requiring North Branch to rezone the lots.

We next consider whether the trial court erred by requiring North Branch to issue a conditional use permit. When a zoning ordinance expressly authorizes the governing body of a municipality to issue a special permit for a proposed use, the reasonableness of the governing body's decision is measured by the standard set out in the particular local statute. *Honn,* 313 N.W.2d at 417. Our role is to assess the legal sufficiency of the reasons given by the council and to determine whether, if legally sufficient, they had a factual basis. *C.R. Investments, Inc. v. Village of Shoreview,* 304 N.W.2d 320, 324 (1981). Here, Section 26.03 of the zoning ordinances requires the planning commission and the city council to consider certain factors when deciding applications for conditional use permits. Neither the planning commission nor the city council considered the factors set forth in Section 26.03. The city council gave no other reasons for its denial of Curtis Oil's request for a conditional use permit. It agreed to have this matter considered on an inadequate record. With no reasons and no factual basis, we must conclude, as the trial court did, that North Branch's denial of the conditional use permit was arbitrary. Since North Branch's action was arbitrary, the trial court did not err by issuing a writ of mandamus requiring North Branch to issue the conditional use permit.

## DECISION

North Branch arbitrarily denied Curtis Oil's request to rezone and issue a conditional use permit. Therefore, the trial court did not err in issuing a writ of mandamus requiring North Branch to rezone a parcel of land and to issue a conditional use permit.

Affirmed.