**FIVE STAR TRUCKING, INC., Relator,**

v.

**MINNESOTA TRANSPORTATION REGULATION BOARD,**
**Respondent.**

No. C4–85–151.

Court of Appeals of Minnesota.

July 2, 1985.

James E. Ballenthin, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Five Star Trucking appeals from an order of the Minnesota Transportation Regulation Board denying its petition for an extension of its irregular route common carrier permit. Five Star petitioned for unrestricted authority to transport household goods statewide. The administrative law judge recommended the petition be granted. The board granted authority which is considerably more circumscribed than that recommended by the administrative law judge. Five Star contends the order is unsupported by substantial evidence, arbitrary and capricious, and affected by other errors of law. We reverse and remand.

## FACTS

Five Star has intrastate authority to transport certain commodities and interstate authority to transport general commodities in eight states and the upper peninsula of Michigan. It has four trucks which are suitable for transporting household goods and the opportunity to lease additional trucks from an affiliate, a licensed interstate carrier of household goods. It leases warehousing space and has the capacity to handle additional goods and commodities.

In December 1982, Five Star petitioned the Minnesota Public Utilities Commission, the predecessor of the board, for authority to transport certain commodities and household goods within the state. The MPUC granted authority to transport specified commodities but not household goods. Five Star appealed to the district court. The court concluded that the MPUC's decision not to grant the authority to transport household goods was unsupported by substantial evidence and its arguments were "primarily * * * post-hoc rationalizations * * *." He remanded the matter for a contested case hearing.

During the hearing, the vice president of Five Star testified that he receives from ten to twenty calls per week requesting him to move household goods between points in Minnesota. A representative of Crown Auto, an auto parts business with 41 stores throughout the state, testified that it had a need for additional moving services because of previous moving problems and because it would be advantageous to work with the same carrier which provides its auto parts moving. A representative of Mibco, a management company which needs household goods moving services, supported Five Star's petition because it believes in competition and would like to have a reliable mover at competitive prices. A representative of Bachman's, a business with needs for household moving services, was familiar with Five Star and supported its petition.

In addition, a recent past national manager of traffic services for Sears testified that he had knowledge of the moving industry in general and supported the granting of the petition. A motor carrier broker testified that he receives three to ten requests per week to move less than full-load quantities of delicate goods and equipment and that he has turned down these requests because he is unable to handle them. He believes there is a need for the

services Five Star proposes to offer. A distribution carrier testified that he has been unable to find a reliable mover of business furniture and computer equipment which offers both a competitive price and personal service.

Finally, Five Star submitted supporting statements from Toro Company, Larson Companies, and Pako Corporation. All need household goods transportation services. There was no testimony opposing the petition.

The administrative law judge concluded that (1) Five Star is fit and able to offer the proposed service, (2) its vehicles met the prescribed safety requirements, (3) there is a need for the service, and (4) there was no demonstration that existing carriers fulfill the need. She recommended that the board grant an irregular route common carrier permit authorizing Five Star to transport household goods between all points in Minnesota.

■ The board agreed that Five Star was fit and able to provide the proposed services and that its vehicles met the prescribed safety requirements. However, it concluded that (1) the record only supports a need for transportation services for Crown Auto Stores, Bachman's, Inc., Pako Corporation, Larson Companies, and Toro Company; (2) the testimony offered by authorized carriers and brokers was addressed to the character of Five Star's principals rather than to need; and (3) the absence of protestants is not a criteria for granting a petition. The board authorized Five Star to transport household goods only for the employees of the five named

companies and only when the service is provided at corporate expense. Five Star appeals.[1]

## ISSUE

Was the board's denial of Five Star's petition arbitrary and capricious or affected by other errors of law?

## ANALYSIS

■ Judicial review of an administrative agency decision in a contested case is governed by the Administrative Procedures. Act, Minn.Stat. §§ 14.63–.69 (1984). We may reverse the agency's decision if we find it is arbitrary and capricious or affected by other errors of law. Minn.Stat. § 14.69 (1984).

Minn.Stat. § 221.121, subd. 1 (1984) governs the issuance of permits for the transportation of household goods. It provides in part:

> The board, after notice to interested parties and a hearing, shall issue the permit upon compliance with the laws and rules relating to it, if it finds that petitioner is fit and able to conduct the proposed operations, that petitioner's vehicles meet the safety standards established by the department, that the area to be served has a need for the transportation services requested in the petition, and that existing permit and certificated carriers in the area to be served have failed to demonstrate that they offer sufficient transportation services to meet fully and adequately those needs * * *.

*Id.* Under this statute, the board must issue a permit if, after proper notice and a

1. This matter was considered without oral argument from the board. The board failed to file a brief and oral argument was scheduled pursuant to Minn.R.Civ.App.P. 142.03.

Three days after its brief was due, the board moved for an order remanding this matter to the board for further consideration and an opportunity to give a "reasoned decision." In the attached memorandum, the board acknowledged that it deviated significantly from the administrative law judge's findings and conclusions without offering an explanation on the record. The board did not request an extension of time in which to file a brief. This court may

remand a case for further proceedings *after* review. Minn.Stat. § 14.69 (1984). The motion for remand was denied because remand before oral argument would be premature. Further, any findings made after remand would merely be a rationalization of the board's previous action and unfair to Five Star. *See Curtis Oil v. City of North Branch,* 364 N.W.2d 880 (Minn.Ct. App.1985).

The board then filed a motion for leave to participate in oral argument. *See* Minn.R.Civ. App.P. 128.02, subd. 2. This court found that the board had no good reason for its failure to file a brief and denied the motion.

hearing, it finds four requirements have been met. There is no question about the notice or the hearing. The board concluded that Five Star met the first two requirements, but that it met the third requirement, need, only with regard to five specific businesses. It did not specifically address the fourth requirement, the failure of existing carriers to show they can meet the need. It did find that no testimony was offered in opposition to the petition, but then concluded "that the presence or absence of protestants is not a criteria for granting or denying a petition." Five Star contends the third and fourth requirements were met and the permit must issue.

*Need*

■ Before issuing a permit, the board must find "that the area to be served has a need for the transportation services requested in the petition * * *." Minn.Stat. § 221.121, subd. 1. Five Star petitioned to transport household goods. These goods are defined by Minnesota Rule 7800.0100, subp. 6 (1983), and include personal effects used in a dwelling, property of business places, and articles which require the special handling customarily employed in moving household goods. Five Star has the burden of establishing the need for statewide transportation of these goods. *See Brinks, Inc. v. Minnesota Public Utilities Commission*, 355 N.W.2d 446, 450 (Minn. Ct.App.1984). The administrative law judge found that Five Star met its burden. She cited an opinion issued by the MPUC, *Dawn Moving and Storage, Inc.*, IRCC 25157, IRCC 34535, November 8, 1976, in which the MPUC recognized that there are unique problems of proof for an applicant seeking support to ship household goods because, by its very nature, the need is more sporadic and less consistent from area to area. Consequently, she reasoned that greater weight must be given to the testimony offered than might be given if Five Star had applied to move other types of freight. She concluded that the witnesses were competent and they established that the public needs household goods

transportation services between points in Minnesota covering the entire state.

■ The board acknowledges that it significantly deviated from the administrative law judge's findings and conclusions without offering an explanation on the record. Specifically, it deviated by concluding that the record only supported a need for transportation services for five businesses and then only if the service is provided at corporate expense. It also rejected the testimony regarding need offered by an authorized carrier and a broker. The administrative law judge had found this evidence to be competent. The board's failure to explain on the record its reasons for deviating from an administrative law judge's findings is evidence of an arbitrary decision. *See Beaty v. Minnesota Board of Teaching*, 354 N.W.2d 466, 471 (Minn.Ct.App. 1984).

■ In this case, the board's failure to offer an explanation is not the only evidence of an arbitrary decision. It rejected testimony offered by representatives of the motor carrier and the broker because it "was addressed to character reference rather than a need." This conclusion is without basis and arbitrary. The owner of a motor carrier broker did testify about the high quality of Five Star's service, but he also very specifically addressed need. The brokerage receives from three to ten requests per week to move less than full-load quantities of delicate goods and equipment which in the aggregate weigh approximately 10,000 to 20,000 pounds. The brokerage turns down these requests because it does not offer the specialized handling which is available only from household goods movers. The owner of the brokerage believes there is a need for the services Five Star proposes to offer. The representative of the distribution carrier testified that he has customers which need to move approximately 20,000 to 30,000 pounds per month and he has been unable to find a reliable mover of business furniture and computer equipment which offers both a competitive price and personal service.

■ Further evidence of an arbitrary decision is found in the board's determination that Five Star may transport household goods for employees of five companies but only if those companies pay the moving expenses. Need for transportation services is not linked to the source of payment in Minn.Stat. § 221.121. The board's limitation is arbitrary.

■ The evidence that the board acted arbitrarily and capriciously is strong. However, we do not rest our decision to reverse on that ground alone. In this case, the board's interpretation of need when considering the transportation of household goods is erroneous. The board only found need for the transportation of household goods for employees of companies whose representatives testified at the hearing. It ignored the testimony of a representative of a management company which wanted to supply household goods transportation services for customers and rejected the testimony of a motor carrier broker and a distributor. If the board's apparent reasoning is followed to its logical conclusion, household goods transportation services would only be available to those whose employers had the foresight to testify at a hearing on the petition for a household goods transportation permit. The administrative law judge rejected this narrow reading of need when it is considered in relation to the transportation of household goods because the need for these services is sporadic and inconsistent from area to area. Her reasoning is supported by other authorities:

> When an applicant for a certificate of public convenience and necessity seeks authority to provide transportation to many localities in a large geographical area, it is not necessary that he demonstrate a public convenience and necessity with respect to each point for which he seeks authority. *Miller Transporters, Inc. v. U.S.*, 594 F.2d 463 (5th Cir.1979). *American Trucking Associations, Inc. v. U.S.*, 373 F.Supp. 252 (W.D.Tex.), aff'd mem., 414 U.S. 1105, 94 S.Ct. 832, 38 L.Ed.2d 734 (1973); *Packer Transporta-*

*tion Co. v. U.S.*, 596 F.2d 891 (9th Cir. 1979). "[T]here is no requirement that data on need and benefit be gathered for every village and hamlet in the area of proposed operations before a certificate of such encompassing scope may be awarded." *May Trucking Co., supra,* 593 F.2d [1349] at 1353. What an applicant seeking broad authority must do, however, is to demonstrate "need at numerous representative points." *American Trucking Association, Inc., supra,* 373 F.Supp. at 256. An applicant's "showing of need at numerous representative points raises a rebuttable presumption of a requirement for extended service at those points for which testimony is not available." *Miller Transporters, Inc., supra,* 594 F.2d at 466, quoting from *American Trucking Associations, Inc., supra,* 373 F.Supp. at 256. The Commission may infer from an unrebutted representative showing that the need for service extends beyond the precise localities for which evidence is given. *Refrigerated Transport Co., Inc. v. Interstate Commerce. Commission,* 616 F.2d 748, 754 (5th Cir.1980). By noting this line of authority, we are not intending to apply the public convenience and necessity standards to permit carriers. *See Mitchell Transport, Inc. v. Railroad & Warehouse Commission,* 272 Minn. 121, 126–27, 137 N.W.2d 561, 565 (1965). We only intend to support the reasoning that need may be demonstrated by showing it at various representative points. Five Star submitted evidence of need at various representative points throughout Minnesota. The evidence was not rebutted. The board erred both by not considering the evidence presented and by narrowly construing need when it relates to the transportation of household goods.

*Existing Carriers*

■ Under Minn.Stat. § 221.121, the burden is upon the petitioner to meet the first three requirements. The burden then shifts to existing carriers to prove that they can fully meet the need for transportation service shown by the evidence.

Minn.Stat. § 221.121, subd. 1; *American Courier Corp. v. Loomis Armored Car, Inc.*, 294 Minn. 207, 200 N.W.2d 175 (1972). No existing carriers offered evidence at the hearing. The board concluded that the presence or absence of protestants is not a criteria for granting or denying a petition. We disagree. If existing carriers do not testify, it must be concluded as a matter of law that they cannot adequately meet the need shown. *Mitchell Transport, Inc.*, 272 Minn. at 129, 137 N.W.2d at 567.

### DECISION

The board's denial of Five Star's petition is both arbitrary and capricious and affected by other errors of law.

We reverse and remand to the Minnesota Transportation Regulation Board with instructions to issue the irregular route common carrier permit as recommended by the administrative law judge.

Reversed and remanded.