CITY OF MOUNDS VIEW, Appellant,

v.

Gregory A. JOHNSON, individually and d.b.a. Highway 10 Radiator, Respondent.

No. C5–85–580.

Court of Appeals of Minnesota.

Nov. 26, 1985.

Review Denied Jan. 23, 1986.

Richard Meyers, St. Paul, for appellant.

Paul L. Ratelle, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for respondent.

Stanley G. Peskar, St. Paul, for amicus curiae League of Minn. Cities.

Heard, considered and decided by POPOVICH, C.J., LESLIE and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a judgment directing appellant to rezone respondent's property from R–1 single family to B–3 commercial highway use and issue respondent a conditional use permit. Appellant claims (1) the trial court erred by ruling appellant's denial of rezoning and the conditional use permit was without a rational basis, (2) respondent's business is not a valid home occupation, (3) appellant is not estopped from enforcing its zoning ordinance because of a conversation between respondent and a building inspector, (4) respondent is not entitled to equitable relief, and (5) an order to follow the judgment or be in contempt of court was contrary to appellant's ordinances and charter provisions. We reverse and remand.

## FACTS

In 1960, appellant City of Mounds View adopted its initial zoning ordinance. The area including respondent Gregory A. Johnson's property was zoned single family residential. Current zoning maps show respondent's property is zoned R–1 low density single family residential.

In 1975, appellant adopted its original Comprehensive Municipal Plan as authorized by Minn.Stat. § 462.355 (1984), which was updated in 1979. The plan divided Mounds View into twelve planning districts, respondent's property being located in planning district six. The summary plan for district six contained in the comprehensive plan states:

The predominant land use within District 6 is single family housing. Other

uses include a number of isolated commercial uses along Highway 10 and several public and semipublic uses, including Hillview Park located on the eastern border of the District. In keeping with the existing character of the neighborhood, it is recommended that the majority of the remaining undeveloped land in District 6 be developed as single family housing. Existing commercial uses should be adequately buffered from abutting residential development and continuation of the strip pattern of commercial development inhibited through the introduction of medium density residential development on the remaining open land adjacent to Highway 10. In order to minimize the conflict with through traffic along Highway 10 access to any such development should not occur directly off the highway.

In 1981, respondent purchased the involved property located at 2865 Highway 10, knowing the property was zoned residential. At that time, respondent spoke with Steven Elder Rose, a Mounds View building inspector, regarding use of the property. Respondent intended to operate a radiator repair shop out of the house's garage. Rose told respondent that shop would have to comply with the home occupation ordinances.

In February 1982, respondent applied to the Mounds View Planning Commission for a rezoning of his property from R–1 single family residential to B–3 commercial highway use and issuance of a conditional use permit to allow the radiator repair operation. On February 3, 1982, the Commission recommended to the Mounds View City Council those requests be denied. On March 8, 1982, the City Council unanimously adopted the Commission's findings and conclusions in denying the requests. Despite that denial, respondent operated his repair business from the garage.

In July 1983, appellant commenced a declaratory judgment action to restrain respondent from operating his radiator repair business. Respondent answered and counterclaimed to dismiss appellant's complaint with prejudice, declare appellant's comprehensive plan as applied to respondent's property unconstitutional, and order rezoning of respondent's property from R–1 to B–3 and issuance of a conditional use permit.

The trial court concluded appellant's denial of rezoning and a conditional use permit was unconstitutional, and ordered rezoning from R–1 to B–3. It also ordered issuance of a conditional use permit for highway auto repair, provided the permit contain the following restrictions:

the erection and maintenance of a privacy fence as required by the municipal ordinance, the maintenance of the property in a reasonably clean condition, the maintenance of reasonable business hours for conducting his business, and the restricted use of lighting so as not to disrupt the enjoyment of property by residential property owners.

On March 13, 1985, the trial court ordered unless appellant granted the relief required by the February 19, 1985 judgment, appellant would be held in contempt.

## ISSUE

Did the trial court err in ordering rezoning and issuance of a conditional use permit?

## ANALYSIS

1. The standard of review regarding zoning matters was presented by the Minnesota Supreme Court in *Honn v. City of Coon Rapids*, 313 N.W.2d 409 (Minn.1981).

Our case law distinguishes between zoning matters which are legislative in nature (rezoning) and those which are quasi-judicial (variances and special use permits). Even so, the standard of review is the same for all zoning matters, namely, whether the zoning authority's action was reasonable. Our cases express this standard in various ways: Is there a "reasonable basis" for the decision? or is the decision "unreasonable,

arbitrary or capricious"? or is the decision "reasonably debatable"?

*Id.* at 416–17.

The trial court concluded:

The denial by the City of Mounds View of the application by Gregory A. Johnson for a rezoning of his property at 2865 Highway 10 from R–1, single family, to B–3, commercial highway use with a Conditional Use Permit for minor auto repair, *is without rational basis.*

(Emphasis added). To support its conclusion, the trial court found 2865 Highway 10 has a distinctly commercial rather than residential character, rezoning's beneficial impact would outweigh its detrimental impact, the highest and best use of respondent's property is commercial, the continuing viability of appellant's land use plan for commercial properties along Highway 10 is extremely doubtful, and respondent was under delicate financial circumstances.

This court's scope of review requires an independent examination of appellant's denial of respondent's requests without granting special deference to the same review conducted by the trial court. *See id.* at 415. In examining the city council's decision, courts must not substitute judgment but must only seek a rational basis. *See White Bear Docking and Storage, Inc. v. City of White Bear Lake,* 324 N.W.2d 174, 176 (Minn.1982) (review of permit issuance); *Honn,* 313 N.W.2d at 415 (review of rezoning).

To show a rational basis, a city council must record express reasons for its denial. *See Curtis Oil v. City of North Branch,* 364 N.W.2d 880, 883 (Minn.Ct.App.1985). In its denial, the Mounds View city council stated (1) its members were all personally familiar with the involved property, (2) surrounding property owners had purchased their properties in reliance on present residential zoning, (3) if respondent's property were rezoned, policing of the property's use would be unpracticable, (4) previous zoning requests were heard and denied by the council, (5) the comprehensive plan designated respondent's property as medium density residential and the property should remain zoned consistent with the comprehensive plan, (6) public health, safety, and welfare would be adversely affected by rezoning, (7) respondent did not show what impact, if any, his use would have on traffic and the environment, (8) once the property is rezoned, it would be impractical to control the property's use, and (9) respondent knew his property was zoned residential when he purchased, but has erected signs on the property advertising his business and has shown a disregard for his neighbors by his activities.

Appellant's primary reason on appeal for denial was inconsistency with the comprehensive plan. Inconsistency with a comprehensive plan is a legally sufficient reason for denial. *Hubbard Broadcasting, Inc. v. City of Afton,* 323 N.W.2d 757, 763 (Minn. 1982).

Respondent claims, and the trial court found, the comprehensive plan regarding district six lacks viability. In proximity to respondent's property are several commercial properties, no successful down-zoning on the commercial highway strip consistent with the comprehensive plan has occurred, and completion date for rerouting Highway 10 is uncertain. Appellant argued Highway 10 may be rerouted in two years and no time limits exist for completing the comprehensive plan.

The comprehensive plan is reasonably related to the promotion of public safety, health, and welfare. Because Mounds View is limited to four square miles, appellant has rationally planned to restrict existing commercial use from expanding and displacing existing or potential residential land. *See Perron v. Village of New Brighton,* 275 Minn. 119, 125, 145 N.W.2d 425, 429 (1966).

The League of Minnesota Cities in its amicus curiae brief stated the dangers of the trial court's decision. It argues if this court affirms, not only respondent's property will be affected. A "highest and best use" mindset would spread contrary to traditional caution and reluctance in rezoning. Cities will be dissuaded from thoughtful planning if courts can rezone merely by

479

substituting their judgment for a city council's.

We agree. Forced spot-zoning endangers a comprehensive plan, which is designed by a city council to benefit all within the city. Appellant has not taken action to alter its plan, and in this instance we will not substitute our judgment for appellant's.

While we find appellant acted with a rational basis, our task would have been aided by more express reasoning by the city council. Rational basis must be shown by reasons, not conclusions. Conclusory statements lack value given our limited scope of review.

2. Appellant and respondent both briefed issues regarding home occupations and estoppel. The trial court in its memorandum conclusorily referred to respondent's radiator shop as a home occupation. The trial court's findings, conclusions, and order do not, however, refer to that issue. The order does not incorporate by reference the memorandum. Nowhere in any of those documents does the trial court refer to the estoppel issue. The trial court did not reach appellant's claim respondent has unclean hands by operating his radiator shop after rezoning was denied by appellant. Because the trial court did not rule on these issues, review is beyond this court's scope. We remand for their determination of respondent's affirmative defenses of estoppel and home occupation.

Appellant claims the order holding appellant in contempt if it did not comply with the trial court's judgment was improper. Because of our decision, this issue is now moot.

## DECISION

Appellant acted with a rational basis in denying respondent's request for rezoning and issuance of a conditional use permit. Remand is made for issues not decided by the trial court.

Reversed and remanded.