**Stephan DAY, Appellant,**

v.

**WRIGHT COUNTY, Respondent.**

No. C9–85–2252.

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 24, 1986.

Randall T. Skaar, Thomas W. Richards, Skaar & Richards, P.A., Buffalo, for appellant.

William MacPhail, Wright Co. Atty., Thomas N. Kelly, Asst. Co. Atty., Buffalo, for respondent.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Stephan Day appeals from a November 15, 1985 order denying his petition for a peremptory writ of mandamus which sought to compel the Wright County Board of Adjustments to declare that certain real property Day owns constitutes a "buildable lot" and entitles him to necessary building permits and licenses. On appeal, Day contends that Wright County Ordinance Section 404 is a grandfather clause which deems his property "buildable" as a matter of law and that, accordingly, a peremptory writ of mandamus was the appropriate remedy. We reverse and remand.

## FACTS

Appellant Stephan Day is the fee owner of approximately three acres of lakeshore property in Wright County, Minnesota. Appellant acquired the property in July 1977. The property is essentially a peninsula, long and narrow and surrounded on three sides by Lake Sylvia. A private roadway fronts the property and was in existence prior to January 1, 1977. A previously recorded covenant specified that the property may have two detached single family dwellings. A certificate of survey described the area of property as exceeding 20,000 square feet.

In August 1978, respondent Wright County adopted Wright County Ordinance Section 404, which regulates the use of property located within the county. Section 404 provides in pertinent part:

Lots of record in the office of the County Recorder prior to the effective date of this Ordinance shall be allowed as residential building sites provided:

1. They have frontage on an existing public right-of-way or have frontage on an existing easement or other private roadway existing prior to January 1, 1977.

2. They have at least 20,000 square feet of area.

In early 1985, appellant attempted to obtain necessary building permits and licenses for the construction of a single family dwelling on the subject property. All requests were denied. Appellant then appealed to the Wright County Board of Adjustments. In October 1985, the Board denied appellant's request for permits and licenses determining that the property was not "buildable" since it did not meet sewer and set-back requirements. Appellant then brought a petition for a peremptory writ of mandamus to the district court.

The matter was heard at special term in November 1985. At the close of arguments, the trial court requested briefs from counsel addressing the question of whether a writ of mandamus was appropriate under the facts. Each party additionally submitted a statement of the proceedings.

Appellant argued that the Board was without discretion to deny his request for building permits and licenses since his lot fully complied with Section 404. The County conceded that appellant's lot complied with Section 404, but argued that it excused compliance with lot area requirements only and did not exempt the parcel from compliance with other aspects of the zoning ordinance, particularly set-back, sewer and well requirements as found in Wright County Ordinance Sections 612 and 716. The trial court agreed with the County and on November 15, 1985, issued an order denying appellant's petition for a peremptory writ of mandamus. In its memorandum, the trial court stated:

The effect of section 404 requires clarification. "In construing a zoning ordinance, as in construing any language ... a paragraph or section may not be taken from its context. Specific language must be construed in the context of the entire ordinance so that all parts thereof

may be given their intended effect...." [Footnotes omitted]

Section 404 is part of a larger division of zoning ordinances dealing with lot area requirements. Interpreting the effect of section 404 in light of the context in which it is found, it is evident that this section was intended to exempt parcels from area requirements only, and does not authorize exemptions from other zoning ordinances. Admittedly, section 404 could have been better drafted by explicitly limiting its effect to lot area regulations. Nevertheless, its scope is effectively limited by the context in which it appears.

Appellant contends that the plain wording of Section 404 renders his property "buildable" for a residential dwelling as a matter of law. Accordingly, he argues that mandamus was the appropriate remedy under the facts and that the trial court's refusal to allow the writ was error.

### ISSUE

Does compliance with Wright County Ordinance Section 404 render appellant's property a buildable site for a residential dwelling as a matter of law, making a peremptory writ of mandamus the appropriate remedy?

### ANALYSIS

Mandamus will issue only when the petitioner has shown the existence of a legal right to the act demanded which is so clear and complete as not to admit any reasonable controversy. *State ex rel. Anderson v. Bellows*, 287 Minn. 373, 179 N.W.2d 307 (1970). Similarly, mandamus will lie only to compel performance of a duty which the law clearly and positively requires. *International Union of Operating Engineers, Local No. 49 v. City of Minneapolis*, 305 Minn. 364, 374, 233 N.W.2d 748, 754 (1975); *Friends of Animals and Their Environment v. Nichols*, 350 N.W.2d 489, 491 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984). In contrast to an alternative writ, a peremptory writ of mandamus may issue upon

a first showing that the "right to require the performance of the act is clear, and it is apparent that no valid excuse for non-performance can be given." Minn. Stat. § 586.04 (1984).

Appellant argues chiefly that Section 404 is a grandfather clause enacted by Wright County to insure that lots of at least 20,000 square feet, recorded prior to the effective date (August 1977), would be deemed residential building sites and exempt owners from seeking variances. We agree and find language in *Enright v. City of Bloomington*, 295 Minn. 186, 187, 203 N.W.2d 396, 397 (1973) controlling:

[I]f the party seeking the [conditional-use] permit meets all the standards prescribed in the ordinance, the council has no discretion to deny the permit. Its refusal to grant the permit in such circumstances is arbitrary as a matter of law, and mandamus will lie to compel the council to grant the permit.

Section 404 specifically provides that lots recorded prior to the effective date of the ordinance "*shall* be allowed as residential sites" if the requirements of the section are fulfilled. (Emphasis supplied.) Section 3 of the Ordinance, the definitional section, provides:

The language set forth in the text of this Ordinance shall be interpreted in accordance with the following rules of construction:

\*   \*   \*   \*   \*   \*

(3) The word "*shall*" is mandatory, and the word "may" is permissive. (Emphasis supplied.)

Whether appellant's property complies with the requirements of Section 404 is not at issue here. The County has conceded that the subject property complies in all respects. Moreover, a plain reading of Section 404 in its entirety plainly illustrates that an owner of property of at least 20,000 square feet is not required to prove housing and sanitary set backs can be provided as a prerequisite to obtaining building permits and licenses. In relevant part, the second half of Section 404 provides:

Lots smaller than 20,000 square feet may be used as dwelling sites if the owner can prove that adequate sanitary facilities can be provided. * * *.

The Board of Adjustment shall decide if lots smaller than 20,000 square feet may be used for dwelling sites in accord with Section 502.2. * * *. The Board of Adjustment may note in its review * * * if adequate sanitary facilities for year-round occupancy cannot be provided.

A contrary reading would leave Section 404 nothing more than mere verbiage. Zoning ordinances are "in derogation of the common law and should be construed strictly against the city and in favor of the property owner. * * * To be effective any restriction on land use must be clearly expressed." *Chanhassen Estates Residents Association v. City of Chanhassen*, 342 N.W.2d 335, 340 (Minn.1984).

It is also significant that the introductory sentence to Section 404 specifies application to "[l]ots of record." This language is meaningless unless construed to "grandfather" in previously recorded lots that fully comply with the ordinance and exempt owners from seeking variances.

In *Curtis Oil v. City of North Branch,* 364 N.W.2d 880 (Minn.Ct.App.1985), the court stated that mandamus was an appropriate remedy when the city council failed to provide any rational basis for its denial of a conditional use permit. "[A]t a minimum, [city councils and zoning boards must] have reasons for [their] decision recorded or reduced to writing and in more than just a conclusory fashion." *Id.* at 883 (quoting *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416 (Minn.1981)). In the present case, the reasoning behind the Board's decision was not made part of the district court record. Therefore, the trial court's finding that appellant "has not demonstrated compliance with * * * [set-off] regulations" is clearly erroneous.

## DECISION

The trial court erred in denying appellant a peremptory writ of mandamus. The matter is reversed with direction to enter the writ and compel the issuance of necessary building permits and licenses.

Reversed and remanded.