**Alvin F. KEHR, Respondent,**

v.

**CITY OF ROSEVILLE, Appellant.**

**No. C5–87–2429.**

Court of Appeals of Minnesota.

July 12, 1988.
Review Denied Sept. 16, 1988.

John E. Daubney, St. Paul, for respondent.

James J. Thomson, Jr., Corrine A. Henie, Karen A. Chamerlik, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal arises from the trial court's finding appellant's denial of respondent's request for a variance is arbitrary and capricious and the trial court's order granting respondent a special use permit, approval of respondent's plat of proposed development and variance from appellant's density requirements.

## FACTS

Respondent, Alvin F. Kehr, is the owner of 1.55 acres in the City of Roseville. The property is zoned R–1, single family residential. Kehr applied to appellant, the City of Roseville, for a change of zoning from R–1 to R–2 which would allow construction of a 13–unit town house development on his property. Respondent's project also required the city council to approve a special use permit for a Planned Unit Development (PUD), approval of respondent's plat and a variance from density requirements. After certain modifications, due to concern for traffic, respondent's plan was recommended for approval by Roseville's Planning Commission.

Without discussion or stated reasons appellant denied respondent's requests.

Respondent brought an action for declaratory judgment in Ramsey County District Court. After a trial without a jury, the court entered its findings of fact, conclusions of law and order for judgment in

favor of respondent August 20, 1987. On September 16, 1987, respondent served appellant with a notice of entry of findings and filed the same, together with an affidavit of service on September 17, 1987. On October 5, 1987, appellant served a notice of motion for amended findings and the matter came on for hearing before the trial court on October 20, 1987. The trial court denied appellant's motion and this appeal followed.

## ISSUES

1. Is appellant's denial of respondent's request for variance prima facie arbitrary and capricious absent contemporaneous findings?

2. Does a rational basis for appellant's denial of respondent's requests exist, sufficient to overcome a presumption of arbitrary and capricious?

## ANALYSIS

■ Denial of a request for rezoning is a legislative act. *Larson v. County of Washington*, 387 N.W.2d 902, 905 (Minn. Ct.App.1986) citing *Sun Oil Co. v. Village of New Hope*, 300 Minn. 326, 333, 220 N.W. 2d 256, 261 (1974). A legislative act must be upheld unless the challengers prove the classification is not supported by any rational basis related to promoting the public health, safety or welfare, or it amounts to a taking without just compensation. *Id.*

In discussing the role of the judiciary in countermanding legislative decisions reached by municipal officials, the Minnesota Supreme Court stated:

The court's authority to interfere in the management of municipal affairs *is, and should be, limited and sparingly invoked.*

*White Bear Docking and Storage, Inc. v. City of White Bear Lake*, 324 N.W.2d 174, 175 (Minn.1982) (emphasis added).

The court further stated:

The mere fact that the trial court might have reached a different conclusion, had it been a member of the council, does not invalidate the judgment of the City officials if they acted in good faith and with-

in the broad discretion accorded them by the ordinance itself.

The setting aside of routine municipal decisions should be reserved for those rare instances in which the City's decision has no rational basis. Except in such cases, it is the duty of the judiciary to exercise restraint and accord appropriate deference to civil authorities in the performance of their duties.

*Id.* 324 N.W.2d at 176. *See also VanLandschoot v. City of Mendota Heights*, 336 N.W.2d 503, 508–09 (Minn.1983).

The Minnesota Supreme Court has determined the scope of review (by both the district court and the reviewing court), to be used for zoning matters is the same as that used for state administrative agency decisions. *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (Minn. 1979).

■ The standard of review is the same for all zoning matters, namely, whether the zoning authority's action was reasonable. Cases express this standard in various ways: Is there a "reasonable basis" for the decision; or is the decision "unreasonable, arbitrary or capricious;" or is the decision "reasonably debatable?" *Honn v. City of Coon Rapids*, 313 N.W.2d 409 (Minn.1981).

This narrow scope of review recognizes governmental bodies are in the best position to assess what zoning classification best serves the public welfare. *Larson*, 387 N.W.2d at 905 citing *State, by Rochester Association of Neighborhoods v. City of Rochester*, 268 N.W.2d 885, 888 (Minn.1978).

In this matter respondent sought: 1) a change from the existing zoning R–1 to R–2 (single family residential to multiple family residential); 2) approval of a special use permit for a Planned Unit Development (PUD); 3) approval of a plat; and 4) a variance from density requirements which would allow respondent to build a 13–unit town house development. Respondent's requests were denied without appellant stating its reasons for denial.

■ Respondent argues the complete absence of contemporaneous findings setting

forth appellant's reasons for denying respondent's application *in toto* is *prima facie* arbitrary and capricious. *Zylka v. City of Crystal,* 283 Minn. 192, 167 N.W.2d 45 (1969). While we agree the total lack of contemporaneous findings is *prima facie* arbitrary or capricious, the presumption can be overcome by evidence adduced at trial displaying a rational basis for appellant's decision.

The Minnesota Supreme Court has stated:

> [E]xcept in those rare cases in which the city's decision has no rational basis, "it is the duty of the judiciary to exercise restraint and accord appropriate deference to civil authorities in the performance of their duties."

*Swanson v. City of Bloomington,* 421 N.W.2d 307, 311 (Minn.1988).

According to the *Swanson* court, "where the municipal proceeding has not been fair or the record of that proceeding is not clear and complete, *Honn* applies and the parties are entitled to a trial or an opportunity to augment the record in district court." 421 N.W.2d at 313.

Here there was no administrative record for the trial court's review. Respondent brought an action for a declaratory judgment. After a trial to the court, a judgment was entered in respondent's favor. The trial court found "[t]here was not sufficient evidence presented at trial to compel a finding by the court that the issuance of the permit would adversely affect the public health or safety or general welfare of the community."

However, appellant is not required to *prove* respondent's proposal would adversely affect the welfare of the community. Although lack of findings shifts the burden to appellant, it does not change the rational basis standard. After examining the record, we have determined adequate evidence was before the trial court to indicate a rational basis for appellant's decision to deny respondent's requests.

The Minnesota legislature has delegated to municipalities the power to determine and plan the use of land within its boundaries. Minn.Stat. § 462.351.

In this instance, appellant has a comprehensive land use plan in place. Granting respondent's request for rezoning, variance, special use permit and replatting would violate the plan. A party requesting such changes bears a heavy burden in persuading a municipality to deviate from an approved comprehensive land use plan. *See, e.g., VanLandershoot,* 336 N.W.2d at 509.

This case is distinguishable from *Curtis Oil v. City of North Branch,* 364 N.W.2d 880, (Minn.Ct.App.1985), where this court found the record on review did not contain evidence necessary to determine whether there was a rational basis for the city's actions. Here rational basis exists in refusing to violate a comprehensive land use plan.

Additionally the record shows that several affected landowners, through whose property the necessary roadway extension must run, were not willing to assent to respondent's proposal. Respondent's development would be successful only if other landowners agree to construction of a road through their residential lots. Without their full cooperation: 1) a fundamental and essential aspect of the overall development plan is missing; 2) the neighborhood would not be developed as a whole to a higher level of density; and 3) respondent's development becomes a 1.55 acre island of mid-density town house development amid single family residences. The proposed development would be imposed on a stable, long-established and functional single family residential neighborhood. A high-density area in the midst of an established low-density neighborhood would create additional traffic and noise.

In *VanLandschoot,* the city denied an application for a subdivision which would have required variances for construction of two residences on a single subdivided lot. The landowner in *VanLandschoot* was requesting a considerably less intrusive development than respondent in this matter. The city denied the application. The district court reversed the city. The supreme

court, recognizing the broad discretion of municipalities under statutes and relevant ordinances, reversed the district court.

We do not condone appellant's failure to provide contemporaneous findings. Without some articulated basis for a municipality's decision, the trial court is placed in an extremely difficult position. However, after careful examination of the record, we conclude there is a rational basis for appellant's denial of respondent's request.

### DECISION

The trial court's judgment granting respondent's request for rezoning, variance, special use permit and plat approval is reversed.

Reversed.