**COMMUNICATIONS PROPERTIES, INC., Respondent,**

v.

**COUNTY OF STEELE, Appellant.**

**No. C2–93–341.**

Court of Appeals of Minnesota.

Oct. 12, 1993.

Norbert B. Traxler, Christopher A. Neisen, O'Neill, Traxler & Zard, Ltd., New Prague, for respondent.

Arvid Wendland, Wendland & Alm, P.A., Blue Earth, for appellant.

Considered and decided by FORSBERG, P.J., and CRIPPEN and NORTON, JJ.

## OPINION

FORSBERG, Judge.

Respondent Communications Properties, Inc. (CPI) commenced the present action following a denial by the Steele County Board of Commissioners (Board) of a request

for rezoning to allow construction of a radio tower. CPI's complaint sought money damages and a writ of mandamus ordering a conditional use permit. The district court granted partial summary judgment to appellant County of Steele as to all causes of action requesting damages relief. The remainder of the action was tried to the court, which issued a mandamus ordering the County to rezone. The County appeals from entry of that judgment. We affirm.

## FACTS

CPI owns a radio station based in Albert Lea, Minnesota. Since 1982, CPI has been undertaking steps to upgrade the station from 3,000 to 50,000 watts. In January 1990, the Federal Communications Commission (FCC) granted an application for construction of a transmitter to facilitate this upgrade.

In March 1989, CPI purchased the proposed transmitter tower property. In February 1990, CPI applied for a conditional use permit, but was informed that a rezoning application was required. That application was prepared and submitted on March 5, 1990.

The Steele County Planning Commission, an advisory body appointed by the Board to make land use recommendations, recommended approval of the plan. The Board thereafter held a hearing on the matter and refused to grant the petition. The specific basis for the refusal was concern over interference with a drain tile running through the subject property. There was also citizen concern over the danger of the tower falling, lights distracting traffic, and interference with local television and radio reception.

CPI resubmitted its petition for rezoning and directly addressed the Board's concerns. Among other things, it proposed moving the tower further from the drain tile. The planning commission again recommended approval of the petition and the Board again refused CPI's request.

The Board stated its reasons for refusal, in relevant part, as follows: the land was zoned agricultural at the time of purchase; surrounding land values could be affected; safety would be compromised in the event of the tower falling; rezoning would affect future development in the area; and there would be unknown effects on the environment. No further explanation, justification, or contemporaneous findings in support of these reasons was provided.

CPI appealed the decision of the Board to the district court. In its complaint, CPI requested both legal and equitable relief. After a summary judgment motion, the portion of the complaint requesting money damages was dismissed.

At the court trial, it was noted that three previous conditional use permits for construction of radio towers were approved in agricultural zoned land. CPI also noted that the tower site, located to the southeast of the intersection between interstate highway 35 and state highway 30, also contained a gas station, a plastic manufacturer, and a farm chemical distributor, all of which are commercial operations in the area zoned agricultural.

The County admitted it had no evidence or testimony supporting its purported reasons for denial at the time of the hearing. However, the County did introduce expert testimony at trial. That expert testified that two of the reasons cited by the Board, that rezoning would affect future property development and that environmental impacts are unknown, were valid, rational reasons for denial of the petition.

The district court determined the County was unable to show any rational basis for its decision, and ordered a writ of mandamus directing the County to rezone the subject land. The County appeals.

## ISSUE

Did the district court err by concluding the Board's decision had no rational basis and was therefore an arbitrary use of its authority?

## ANALYSIS

 Decisions of a county board on zoning matters are subject to a "rational basis" test on review in the district court. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 414–15

(Minn.1981). That is, a zoning decision " 'must be upheld unless opponents prove that the classification is unsupported by any rational basis related to promoting the public health, safety, morals, or general welfare.' " *Id.* (quoting *State, by Rochester Ass'n of Neighborhoods v. City of Rochester,* 268 N.W.2d 885, 888 (Minn.1978)).

■ In this case, the County concedes that there were no contemporaneous findings attached to its decision denying CPI's petition. Such a lack of contemporaneous findings is per se arbitrary and capricious. *Kehr v. City of Roseville,* 426 N.W.2d 233, 236 (Minn.App. 1988), *pet. for rev. denied* (Minn. Sept. 16, 1988). However, the presumption that such findings are arbitrary or capricious may be rebutted at trial. *Id.* "New or additional evidence may be received at the trial, but it must be relevant to the issues that were raised and considered before the municipal body." *Honn,* 313 N.W.2d at 416.

■ The County claims five separate rational bases for its decision were adduced at trial. First, the County points out that the land was zoned agricultural when the property was purchased. The County contends this somehow shows a lack of detrimental reliance on CPI's part. However, we have found no authority requiring detrimental reliance as a prerequisite for granting an application for rezoning. Any detrimental reliance, or lack thereof, is immaterial to CPI's petition.

Next, the County's concerns about the effect of the tower on surrounding land values are completely without basis in the record. We recognize that in small communities, city officials may rely on their general knowledge of the area. *See White Bear Docking & Storage, Inc. v. City of White Bear Lake,* 324 N.W.2d 174, 177 (Minn.1982). However, in *White Bear,* the court was dealing with a community "as relatively small as White Bear Lake." *Id.* Here we are dealing with a much larger and diverse entity, a county. Relaxing the requirement for findings based on expert opinions or other evidence should be narrowly construed as an exception to the general rule in *Honn.* We do not believe this is an appropriate case to apply such an exception.

Likewise, the record contains no evidence supporting the County's claim that the tower would constitute a safety hazard. The County admits the testimony on this subject is weak, but points to testimony of a CPI official who acknowledges that *if* the 499' tower fell full length, it *might* fall on the service road running alongside interstate highway 35. However, the CPI official also testified as to the extreme unlikelihood of such an occurrence, and failed to detail what, if any, damage would ensue even if the tower did fall.

The only new evidence presented at trial was the testimony of expert Gunnar Isberg. Isberg testified the Board's action could be justified under either the County's rationale that future development in the area would be affected or that the environmental effects would be unknown.

Isberg explained the only reasons to change the zoning ordinance would be (1) to reflect changes in the area, (2) to acknowledge a change in policy, (3) to correct a mistake, or (4) to change zoning district lines as growth moves out. Isberg testified the only relevant reason in this case would have been if there was a change in county policy; that is, a change in the opinion of the Board. He stated no such change was appropriate because it is the Board's policy to resist spot zoning.

However, the entire county is zoned agricultural. We believe such a zoning plan amounts to no plan at all because any rezoning or nonagricultural use amounts to spot zoning. Thus, the facts of this case do not match the theory of Isberg's testimony.

Further, none of the Board's·stated reasons directly address a desire to maintain current zoning in this area. The only context in which current zoning is raised refers to detrimental reliance. Isberg's testimony does address a general concern in all zoning ordinances to maintain a zoning plan. However, as stated in *Honn,* while new evidence may be adduced at trial "it must be relevant to the issues that were raised and considered before the municipal body." *Id.,* 313 N.W.2d at 416.

Even if the issue was properly raised, there is no rational basis to support the retention of agricultural zoning in this case. The area in question is not currently being used for an agricultural purpose. There is a drainage tile on CPI's property which would prohibit such use. Likewise, the evidence indicated the properties abutting CPI's property had in fact changed from agricultural to commercial despite being zoned agricultural. Specifically, there is a gas station, a factory, and a farm chemical supply depot all abutting CPI's property. *See Sun Oil Co. v. Village of New Hope,* 300 Minn. 326, 334–35, 220 N.W.2d 256, 261–62 (1974) (petitioner seeking reclassification may show character of area is so changed that reclassification ought to be made).

Finally, Isberg testified there could be adverse environmental impacts as the result of the rezoning. Isberg claimed the major environmental difficulty is the drain tile. However, Isberg was not concerned about the proposed use here; rather, he posited that if the tower were not built and some other industrial use were located on the property, it could lead to pollution in the Straight River. This concern is irrelevant to the facts of this case, particularly in light of the district court's order which requires certain actions regarding the construction of the tower predicate to the rezoning.

The County finally claims the writ of mandamus is improper because it orders a "rezoning permit." It claims there is no reference to such a permit in either its zoning ordinance nor in state statutes. However, it directed CPI to apply for just such a permit, and used a form entitled "APPLICATION FOR RE–ZONING PERMIT" to process CPI's request. The County's claim that it is now confused as to what the district court ordered amounts to little more than a semantic shell game, and leaves us unconvinced.

Still, we wish to clear any confusion left in the Board's mind about what we read to be a very clear order from the district court. Simply put, the Board is to grant the "APPLICATION FOR RE–ZONING PER-

MIT" as it would have had the Board accepted the planning commission's recommendation at the April 16th meeting. Such equitable relief is specifically permissible in addition to any declaratory judgment. *See Honn,* 313 N.W.2d at 416 (review of rezoning decision may be requested by way of declaratory judgment or injunctive relief). As long as the Board has *some* process for action on its application, its requested remand for further clarification is unnecessary.[1]

## DECISION

The Board's decision to deny CPI's petition for rezoning was arbitrary, and the district court properly issued a writ of mandamus directing the rezoning.

**Affirmed.**

---

1. Likewise, if the Board interprets its procedures as calling for issuing a special use permit, it may issue a special use permit.